## No. 2855.

### AFRICAN METHODIST EPISCOPAL CHURCH *v.* M. M. CLARK.

Where the defendant contended that the object of the original incorporators was to unite with the African Methodist Episcopal Cnurch of the United States and be guided in the administration of its affairs by the doctrines and discipline of the general organization; and that, in accordance with said discipline, he was appointed by the Bishop of Louisiana pastor of St. James Chapel, and that he could not be discharged or dismissed from said position by the trustees or incorporators;

Held—That under the charter of the corporation this right is expressly conferred upon the incorporators, and that, in the absence of any provision on the subject, they would have possessed the power, because it is one of the incidents of their ownership of the St. James Chapel.

Courts of justice in this State sit to enforce civil obligations only, and never attempt to exercise jurisdiction over those of a spiritual character.

APPEAL from the Sixth District Court, parish of Orleans.  Cooley, J.  *Cotton & Levy,* for plaintiffs and appellee.  *Lacey, Butler & Belden,* for defendant and appellant.

Justices concurring:  Ludeling, Taliaferro, Howell, Wyly, Morgan.

LUDELING, C. J.  This suit is brought by the trustees and incorporators of the African Methodist Episcopal Church, a duly organized corporation in the State of Louisiana, to prevent M. M. Clark from officiating or exercising any authority whatever as pastor of the St. James Chapel, and to restrain him from interfering with the government, control and possession of the said church house.

The defendant contends that the object of the original incorporators was to unite with the African Methodist Episcopal Church of the United States, and be guided in the administration of its affairs by the doctrines and discipline of the general organization; and that in accordance with said discipline he was appointed by the Bishop of

Louisiana pastor of St. James Chapel, and that he can not be dis-charged or dismissed from said position by the trustees or incorporators.

The judge of the district court thought otherwise, and we agree with him.

Under the charter of the corporation this right is expressly conferred upon the incorporators. But in the absence of any provision on the subject, they would have had the power. It is one of the incidents of their ownership of the St. James Chapel.

"Neither the Pope nor any bishop has, within this State, any authority except a spiritual one; and the courts of justice sit to enforce civil obligations only; they never attempt to coerce those of a spiritual character. We must content ourselves with considering the defendant in his civil relations to the plaintiffs." 4 R. 68.

It is therefore ordered and adjudged that the judgment of the district court be affirmed, with costs of appeal.

Rehearing refused.